**Peter Erich MARSCHNER, Plaintiff,**

v.

**DEPARTMENT OF STATE, SECRETARY OF STATE, Defendants.**

**Civ. No. B–78–406.**

United States District Court,
D. Connecticut.

May 4, 1979.

Peter Erich Marschner, pro se.

Richard Blumenthal, U. S. Atty., Frank H. Santoro, Asst. U. S. Atty., New Haven, Conn., for defendants.

## MEMORANDUM OF DECISION

DALY, District Judge.

This is an action under the Freedom of Information Act by a federal prisoner seeking a copy of the Department of State's file concerning plaintiff's extradition from Martinique to the United States. During the pendency of this case, the Department disclosed to plaintiff the information sought. Plaintiff now seeks attorney's fees.

On May 20, 1978, plaintiff wrote to defendant and requested a copy of his extradition file. Plaintiff wrote additional letters in June and September, and also, in July, contacted the American Embassy in Paris, France to determine whether the Embassy could accommodate his request. Finally, in October, having received no definitive response to his request, plaintiff filed this action. Defendant was served on October 24, 1978.

After obtaining an extension of time in which to respond to the complaint, defendant moved to dismiss, indicating that the file had been released to plaintiff on January 10, 1979. On March 7, plaintiff filed a memorandum in response to the motion to dismiss, agreeing that the documents had been disclosed but requesting attorney's fees under 5 U.S.C. § 552(a)(4)(E). On April 16, defendant responded to plaintiff's request for attorney's fees, objecting on the grounds that plaintiff had not exhausted administrative remedies prior to filing his complaint, and that attorney's fees were not appropriate under the criteria set forth in *Vermont Low Income Advocacy Council, Inc. v. Usery,* 546 F.2d 509 (2d Cir. 1976).

### I.

The Court turns first to determining whether plaintiff had exhausted his administrative remedies at the time he filed his complaint. The subject of exhaustion of administrative remedies under the Freedom of Information Act is covered in 5 U.S.C. § 552(a)(6)(C), which provides in part that

[a]ny person making a request to any agency for records under . . . this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.

The applicable time limits are set forth in 5 U.S.C. § 552(a)(6)(A):

Each agency, upon any request for records made under . . . this subsection, shall—

(i) determine within ten days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination; and

(ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. . . .

There is a provision that allows an agency to extend the applicable time limits by providing written notice to the person making the request, "setting forth the reasons for such extension and the date on which a determination is expected to be dispatched," 5 U.S.C. § 552(a)(6)(B), but such extensions only are permissible in unusual circumstances and for not more than ten working days. *Id.*

Plaintiff first sent his initial request to the Department of State in May, 1978, and received no response for several months. The agency, thus, failed to comply with the ten-day requirement of § 552(a)(6)(A)(i). Plaintiff's September 11 letter indicates that some response had been received, but there is no indication that it was a "determination" within the meaning of § 552(a)(6)(A)(i):

A 'determination' response sent to a person requesting information under the FOIA must include at least four elements: (1) a statement of what the agency will release and will not release, including a list of the documents that are releasable and withheld; (2) a statement of the reasons for not releasing the withheld records; (3) a statement notifying the requesting person of his right to appeal to the head of the agency or seek judicial review of any adverse determination; and (4) if a fee is charged for releasing documents, a statement of why the agency believes that waiver or reduction of the fee is not in the public interest and does not benefit the general public, and a statement for the charges for document search and duplication of the releasable documents.

*Shermco Industries v. Secretary of the United States Air Force,* 452 F.Supp. 306, 317 (N.D.Tex.1978). *See* 5 U.S.C. § 552(a)(6)(A)(i). "[T]he burden of proof is on the agency to establish compliance with the FOIA time limitations and determination requirements." 452 F.Supp. at 317. The agency in this case has not demonstrated that at any time it issued a "determination" as required by § 552(a)(6)(A)(i). Accordingly, plaintiff was not required to prosecute an appeal, and had exhausted his administrative remedies at the time he filed this action. 452 F.Supp. at 318; 5 U.S.C. § 552(a)(6)(C).

## II.

The Court turns next to an application of the criteria for determining the appropriateness of attorney's fee awards set forth in *Vermont Low Income Advocacy Council, Inc. v. Usery,* 546 F.2d 509 (2d Cir. 1976). There, the court wrote:

In order to obtain an award of attorney fees in an FOIA action, a plaintiff must show at minimum that the prosecution of the action could reasonably have been regarded as necessary and that the action had substantial causative effect on the delivery of the information. . . .

546 F.2d at 513.

■ This Court finds that plaintiff in this case has satisfied the first requirement set forth in *Vermont Low Income.* He sent his first request to the agency in May, 1978. Technically, he had the right to institute this action ten working days later. 5 U.S.C. §§ 552(a)(6)(A) & (C). He did not immediately file suit, however, and instead wrote additional letters over the next several months, the last of which, on September 11, put the agency on notice that he intended to file suit if he did not receive a copy of his file by the end of that month. Under these circumstances, absent some showing by the agency to the contrary, the prosecution of this action could reasonably have been regarded as necessary by the plaintiff.

■ The Court also finds that this action had a substantial causative effect on the delivery of the information. Plaintiff did not file suit until four months after making his initial request to the defendant. Almost three months later, after the initial time period for answering plaintiff's complaint had expired, defendant released the requested documents. Based on this set of facts, the Court infers that this action had a substantial causative effect on the delivery of the information. Defendant has not rebutted this inference. Plaintiff, therefore, has satisfied the second requirement of the *Vermont Low Income* test, and has substantially prevailed in this action.

■ The result reached here is supported by policy considerations surrounding the FOIA provision for attorney's fees. It has been held that an agency cannot defeat an otherwise valid claim for attorney's fees by abandoning voluntarily an objection to disclosure after the filing of an action but

prior to the entry of judgment. *Nationwide Building Maintenance, Inc. v. Sampson,* 182 U.S.App.D.C. 83, 88–89, 559 F.2d 704, 709–10 (1977); *Cuneo v. Rumsfeld,* 180 U.S.App.D.C. 184, 188–89, 553 F.2d 1360, 1364–65 (1977); *Kaye v. Burns,* 411 F.Supp. 897 (S.D.N.Y.1976). The distinction between those cases and this one is that, here, no objection ever was interposed by the agency; the agency simply delayed in disclosing the requested documents. Absent an explanation or justification for the delay, however, the policy considerations that have led other courts to the conclusion that an FOIA plaintiff has substantially prevailed when an agency voluntarily abandons an objection lead this Court to conclude that a plaintiff has substantially prevailed when the defendant agency voluntarily ceases an unexplained delay in making disclosure.

In *Nationwide Building Maintenance, Inc. v. Sampson supra,* for instance, the court noted that the attorney's fees provision of FOIA

> was not enacted to provide a reward for any litigant who successfully forces the government to disclose information it wished to withhold. It had a more limited purpose—to remove the incentive for administrative resistance to disclosure requests based not on the merits of exemption claims, but on the knowledge that many FOIA plaintiffs do not have the financial resources or economic incentives to pursue their requests through expensive litigation.

182 U.S.App.D.C. at 90, 559 F.2d at 711. Based on this promise, the court reasoned that an agency should not be permitted to moot a claim for attorney's fees through voluntary disclosure because permitting it to do so would create an incentive for agencies to assert what might be termed "boilerplate" defenses, knowing that claims for attorney's fees could be mooted at any time by voluntary disclosure prior to judgment. *See Cuneo v. Rumsfeld, supra* 180 U.S.App. D.C. at 89, 553 F.2d at 1365, *quoting Communist Party of the United States v. Department of Justice,* No. 75–1770, Slip op. at 3 (D.D.C. March 23, 1976). These same considerations apply with greater force when the agency has delayed without explanation, and has not made any showing that the filing of the action after such delay had no substantial causative effect on the delivery of the information.

Furthermore, it has been held that, even where the agency does not object to disclosure, a plaintiff may be held to have substantially prevailed where the action is shown to have had an effect on the timing of disclosure:

> . . . . The government seems to suggest in its argument that an action affecting only the timing of production does not meet the test for an award of attorney fees. Section 552(a)(4)(E) contains no such limitation, nor does the legislative history suggest Congress desired one. The key is whether there is a substantial causative relationship between the lawsuit and the delivery of information. *When* the information is delivered may be as important as *what* information is delivered.

*Exner v. Federal Bureau of Investigation,* 443 F.Supp. 1349, 1353 (S.D.Cal.1978) (emphasis in original). In this case plaintiff made his initial request over four months before filing this action. The information was not disclosed until three months after the filing of the action. The agency now offers no explanation for the delay, and does not indicate that at any time prior to the actual disclosure it responded in any way to plaintiff's request. Plaintiff is unlikely to be able to make a showing that the documents would not have been disclosed or would have been disclosed substantially later but for this action. The agency is in a much better position to demonstrate that the delay was reasonable, and that the request would have been responded to within the same time even in the absence of the filing of this action.

### III.

■ A finding that plaintiff has substantially prevailed does not end the inquiry concerning the appropriateness of attorney's fees, however. The awarding of at-

torney's fees, while contingent upon a showing that plaintiff has substantially prevailed, remains in the discretion of the Court. Several criteria have been established to guide the Court's discretion.

[[T]he] criteria to be considered by the court in exercising its discretion [are]:

(1) The benefit to the public, if any deriving from the case,

(2) the commercial benefit to the complainant;

(3) the nature of the complainant's interest in the records sought; and

(4) whether the government's withholding of the records sought had a reasonable basis in law.

*Kaye v. Burns, supra* at 903.

In this case, plaintiff sought copies of the documents in his extradition file for the use in a habeas corpus petition challenging that extradition. Without indicating an opinion in any way as to the merits of the claims set forth in that petition, the Court notes that some time after the agency in this case disclosed the requested documents, plaintiff did file such a habeas petition. *See Marschner v. United States,* 470 F.Supp. 201 (D.Conn.1979).

 An application of the pertinent criteria to the facts of the present case leads to the conclusion that plaintiff should receive an award of attorney's fees. The public has an interest in the proper administration of justice in this country, and to that extent has benefited from the disclosure in this case. *See Cuneo v. Rumsfeld, supra* 180 U.S.App.D.C. at 91, 553 F.2d at 1367. Plaintiff's interest in the records sought was not commercial in nature, *cf. Nationwide Building Maintenance, Inc. v. Sampson, supra* 182 U.S.App.D.C. at 94–95, 559 F.2d at 715–16, and the defendant has claimed no reasonable basis in law for withholding the documents. Under these circumstances, the Court concludes that an award of attorney's fees is appropriate, and now turns to considering the appropriate amount.

Plaintiff appeared in this action *pro se* and has submitted a time sheet indi-cating that he spent 60 hours on the preparation of this case. It is appropriate to compensate plaintiff for time reasonably spent preparing his own case; he need not actually have incurred expenses for an attorney to be entitled to recover attorney's fees. *Cuneo v. Rumsfeld, supra* 180 U.S. App.D.C. at 90, 553 F.2d at 1366. Plaintiff seeks compensation at $2.65 per hour, a modest fee. Plaintiff's total claim amounts to $159.00. Having examined the file in this case, this Court finds $159.00 to be reasonable compensation and hereby orders that the plaintiff be awarded that amount in attorney's fees.

Plaintiff's request for attorney's fees of $159.00 is hereby granted. In all other respects this case is dismissed as moot.

It is so Ordered.