**Peter Erich MARSCHNER, Petitioner,**

v.

**UNITED STATES of America, and W. R. Nelson, Warden, FCI Danbury, Respondents.**

**Civ. No. B–79–124.**

United States District Court, D. Connecticut.

May 4, 1979.

Peter Erich Marschner, pro se.

Richard Blumenthal, U. S. Atty., Frank H. Santoro, Asst. U. S. Atty., New Haven, Conn., for respondents.

## MEMORANDUM OF DECISION

DALY, District Judge.

Petitioner is an inmate at the Federal Correctional Institution in Danbury, Connecticut, serving a five-year sentence pursuant to a plea of guilty to a violation of 18 U.S.C. § 2314. Petitioner received this sentence in the United States District Court of the Virgin Islands after having been extradited from the French Island of Martinique. Petitioner now seeks release from custody on the basis of alleged irregularities in his extradition.

Specifically, petitioner claims that (1) he was extradited in violation of Article IV of the extradition treaty between France and the United States, *see* 18 U.S.C. § 3181, in that documents necessary to support his extradition were not delivered to French authorities within 40 days after his arrest pursuant to an extradition warrant, as required by the treaty; (2) the Secretary of State, together with others, conspired to kidnap petitioner; (3) the agents who escorted him were not authorized to receive and transport him; and (4) the American officials who sought his extradition did not proceed in good faith.

Whatever the truth of these allegations may be, petitioner is not entitled to the relief sought here. *Frisbie v. Collins*, 342 U.S. 519, 522–23, 72 S.Ct. 509, 96 L.Ed. 541 (1952). "It is well settled that the jurisdiction of the court in which an indictment is found is not impaired by the manner in which the accused is brought before it. The fact that the arrest was unlawful or the removal proceedings illegal would not affect such jurisdiction." *Klink v. Looney*, 262 F.2d 119, 121 (10th Cir. 1958); *accord Strand v. Schmittroth*, 251 F.2d 590, 600 (9th Cir. 1957). "A defendant in a criminal prosecution who has been extradited from a foreign country may not procure his discharge by showing that the extradition proceedings were irregular or illegal, or that they were not conducted in good faith." 31 Am.Jur.2d *Extradition*, § 74, p. 981 (1967),

*citing Pettibone v. Nichols,* 203 U.S. 192, 27 S.Ct. 111, 51 L.Ed. 148 (1906).

A narrow exception to this rule exists in this Circuit where the conduct of government agents in bringing an individual to the United States from a foreign country is so outrageous that it "shocks the conscience" and requires a court to divest itself of personal jurisdiction on due process grounds. *United States v. Toscanino,* 500 F.2d 267, 275 (2d Cir. 1974); *but see United States v. Herrera,* 504 F.2d 859 (5th Cir. 1974). That exception, however, has been limited to situations involving "cruel and inhuman conduct . . ." by American government agents, *United States v. Lira,* 515 F.2d 68, 70 (2d Cir. 1975), or acts of "torture, terror," or other "shocking governmental conduct sufficient to convert an abduction which is simply illegal into one which sinks to a violation of due process." *United States ex rel. Lujan v. Gengler,* 510 F.2d 62, 66 (2d Cir. 1975). The facts pleaded by petitioner do not indicate the existence of any conduct that might fall within the *Toscanino* exception to the *Frisbie* rule.

This habeas corpus petition, therefore, is dismissed.

It is so Ordered.