**Lenard Wallace NOLEN, Sr., Plaintiff-Appellant,**

v.

**Donald H. RUMSFELD, Secretary of Defense, et al., Defendants-Appellees.**

**No. 75–3294.**

United States Court of Appeals, Fifth Circuit.

July 21, 1976.

Rehearing and Rehearing En Banc Denied Sept. 30, 1976.

Lenard Wallace Nolen, Sr., pro se.

Ronald T. Knight, U. S. Atty., John D. Carey, Edgar W. Ennis, Jr., Asst. U. S. Attys., Macon, Ga., for defendants-appellees.

Before COLEMAN, RONEY and TJOF-LAT, Circuit Judges.

RONEY, Circuit Judge:

This is an appeal by plaintiff Lenard Nolen from a summary judgment denying his claim for production of military records under the Freedom of Information Act. The district court held that the defendants have made the requested Army records available for inspection and copying as required by the Act. The court further held that the Act did not require that the Government pay plaintiff's travel expenses to obtain the desired records. We affirm.

Plaintiff, in a related administrative proceeding, has been unsuccessful in an attempt to have himself adjudicated "service connected" for hypertension by the Veterans Administration. Plaintiff claims that his denial was caused in part by missing records withheld by the Army. Accordingly, plaintiff filed a *pro se* complaint against the named defendants pursuant to the Freedom of Information Act, 5 U.S.C.A. § 552, seeking the following relief:

That the Secretary of the Army or Defense now make all the records of the Army components that Nolen served in, or that had control of Nolen during his tour in the Army Services available to Nolen in the State of Georgia, or Nolen will travel anywhere as long as all expenses are paid.

That the Secretary have the Board correct Nolen's records and given to Nolen, and this will stop the cause of action.

The Freedom of Information Act merely requires that the appropriate agency make available for inspection and copying the requested records. The Act provides in pertinent part:

Each agency, in accordance with published rules, shall make available for public inspection and copying . . . upon any request for records which (A) reasonably describes such records and (B) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

5 U.S.C.A. §§ 552(a)(2), and (3).

This is not a situation in which the Government is withholding identified information from a claimant. The Government has, in candor and in good faith before this Court, stated that all the records available have been made available to the plaintiff. Nolen is here seeking production of missing records, which action is not within the purview of the Freedom of Information Act. The Act compels disclosure only of existing records. *Exxon Corp. v. FTC,* 384 F.Supp. 755 (D.D.C.1974). The court in *Exxon* invalidated discovery proceedings which sought to determine whether there existed

additional records that may have been specifically identifiable for future reference. The Government has fully complied with the Act.

■ Plaintiff's argument to the contrary merely shows that the Army did not personally send him the requested available records. The Act requires only availability, not delivery. 5 U.S.C.A. § 552(a)(3). We therefore find that the Government has complied with the Freedom of Information Act.

There are no material facts at issue in this case. Applying the applicable law, we must affirm the district court's order of summary judgment.

To the extent that Nolen seeks correction of his records in this action, it is duplicative of an action brought earlier by plaintiff in the district court there decided adversely to plaintiff, and affirmed by this Court on this date. *Nolen v. Rumsfeld*, 535 F.2d 888 (5th Cir. 1976).

AFFIRMED.