**Kahlman LINKER, Plaintiff,**

v.

**Roderick M. HILLS et al., Defendants.**

**No. 76 Civ. 5615 (CHT).**

United States District Court, S. D. New York.

June 28, 1978.

Kahlman Linker, pro se.

John M. Mahoney, Securities and Exchange Commission, Washington, D. C., for defendants.

## MEMORANDUM

TENNEY, District Judge.

Kahlman Linker appears *pro se* in this suit under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). He seeks access to records allegedly withheld from him by

558

the Securities and Exchange Commission ("SEC"). These documents concern a merger between Informatics, Inc. ("Informatics") and Equimatics, Inc. ("Equimatics"), the latter a subsidiary of the Equitable Life Assurance Society. The case was transferred to this district from the United States District Court for the District of Columbia by order dated November 24, 1976 (C.A. 76–0057, Green, J.) and there are two motions now before this Court. The defendants—Philip R. Farnsworth, Branch Chief, SEC Division of Corporation Finance, certain Commissioners of the SEC and its ex-Chairman—have moved for dismissal of the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Rules") or, alternatively, for summary judgment in their favor pursuant to Rule 56. Plaintiff has cross-moved for summary judgment on the first and third counts of his three-count complaint. For the reasons stated below, summary judgment is granted for defendants on the first and third counts and the defendants' motion to dismiss the second count is granted.

### Facts

This contretemps with the SEC began in 1974, the same year the Informatics/Equimatics merger was effected. Plaintiff had been an Informatics shareholder, and his dissatisfaction with the merger and subsequent "freeze-out" of minority shareholders led him to commence suit in this district against the executive officers and directors of all the corporations and underwriting and appraisal firms involved in consummating the merger. That suit, *Linker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 76 Civ. 3543 (S.D.N.Y.), was dismissed with prejudice by Judge Werker of this district by Order dated September 15, 1976, and the dismissal was affirmed by the United States Court of Appeals for the Second Circuit. Docket No. 76–7453 (2d Cir. March 16, 1977). During the period following the merger, Linker also began to have a series of face-to-face encounters and written communications with various officials at the SEC, particularly Farnsworth, in which he alleged fraud in the merger transaction.

For purposes of the instant suit, the first official request for SEC-held information occurred in a letter written by Linker to the SEC's Office of Public Information on May 16, 1975. His letter reads in pertinent part:

Pursuant to the Freedom of Information Act (5 U.S.6. [sic] 552), I hereby request *access* to information relating to the following, so that I may determine which, if any, documents I may request photo copying:

The file of the Corporation Finance Division of the S.E.C. in Washington relating to the complaint Kahlman Linker made to Philip Farnsworth (verbally on February 28, 1974 and by letter dated April 23, 1974)

in respect to INFORMATICS, Inc.

Defendants' Local Rule 1–9(g) Statement (D.D.C.) Exh. 1. (Emphasis in the original). The SEC responded by offering for inspection three items of Linker correspondence with Farnsworth and "[a] memorandum from Mr. Farnsworth and Lee C. Jones, dated February 5, 1975, to Lawrence E. Nerheim, General Counsel, except for one sentence reflecting the work product and decisional process of the staff." The SEC informed Linker that the one sentence was "being withheld pursuant to the exemption from disclosure contained in the Freedom of Information Act, 5 U.S.C. § 522 [552](b)(5), and Commission Regulations, 17 CFR 200.-80(b)(5)." Letter from S. James Rosenfeld, Director, SEC Office of Public Information, to Kahlman Linker, dated May 28, 1975, Complaint, Exh. B.

The claimed exemption from disclosure is the subject of the first count of plaintiff's complaint. Further correspondence between Linker and Rosenfeld led to the second and third counts. On June 4, 1975 Linker wrote requesting:

(1) A written statement from the SEC Office of Information to the effect that the 4 documents indicated in your letter [of May 28, 1975] . . were the *only* documents in such file or files, to the best of your knowledge as of May 15, 1975 . . . ; and

(2) An affidavit from Philip Farnsworth that the four documents . . . were the *only* documents that were in any file(s) on Informatics, Inc. beginning with February 28, 1974.

Letter from Kahlman Linker to S. James Rosenfeld, Complaint, Exh. D (emphasis in original). Rosenfeld replied to Linker stating:

According to the information provided to me by the staff, the four documents described in my letter to you of May 28, 1975, were, to the best of my knowledge, the only documents in the Commission's files with respect to your request of May 16, 1975. Neither the Commission nor its staff customarily provides affidavits outside the context of a proper judicial or administrative proceeding.

Letter from S. James Rosenfeld to Kahlman Linker dated June 6, 1975, Defendants' Rule 1–9(g) Statement, Exh. 2. No Farnsworth affidavit ever issued. Based on refusals by the SEC to provide assurances beyond the June 6th Rosenfeld letter above, *see* Complaint, Exh. C, Linker charges in count two of his complaint that "it is impossible for plaintiff to be certain that the SEC is complying with the disclosure requirements of 5 U.S.C. 552 [and] [t]he refusal therefore constitutes a denial of information under the act." *Id.* ¶ 18. Plaintiff's third and last count arises from the alleged inability of the SEC to provide certain other documents later requested by Linker in a letter to Rosenfeld on August 14, 1975. Linker asked, inter alia, for:

(1) Preliminary Proxy Materials (filed on December 20, 1973 by Informatics, Inc.) relating to the proposed merger of Informatics with and into Equimatics, Inc.

Letter from Kahlman Linker to S. James Rosenfeld, dated August 14, 1975, Defendants' Rule 1–9(g) Statement, Exh. 4. This material was never received by Linker; it is the SEC's position that after diligent search it cannot be located. Defendants' Rule 1–9(g) Statement, Exhs. 6, 8, 11, 12. The third count of plaintiff's complaint asserts the belief that "the SEC is deliberately withholding these proxy materials," and requests this Court to direct their production. Complaint ¶¶ 27, 30. For purposes of clarity, the Court will deal with each count separately.

### *Deletion of One Sentence in SEC Interoffice Communication Dated February 5, 1975*

■ Defendants claim that the sentence being withheld from Linker qualifies as a statutory exemption to the FOIA under 5 U.S.C. § 552(b)(5) ("Exemption 5"), which provides that the legislation does not apply to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." This exemption is grounded in notions of executive, attorney-client and attorney work-product privileges, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975); the first consideration is invoked in recognition of the need to protect frank and open inter-agency deliberations entering into the " 'process by which governmental decisions and policies are formulated.' " *Id.* at 150, 95 S.Ct. at 1516. "Pre-decisional" communications have been held to be clearly within Exemption 5. *Id.* at 151–53 & n. 18, 95 S.Ct. 1504; *Renegotiation Board v. Grumman Aircraft Engineering Corp.*, 421 U.S. 168, 184, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975).

■ This Court has considered the chronology leading up to the issuance of the February 5, 1975 communication and has read the redacted document turned over to Linker. Complaint, Exh. B. First, it is quite clear that nothing contained within the document could fall within those categories of "final opinions" or "statements of policy and interpretations which have been adopted by the agency" which cannot be exempted from disclosure. 5 U.S.C. § 552(a)(2)(A) & (B). The document begins: "*Possible* legal action against the Commission arising out of the staff's review of a merger proxy statement involving Informatics, Inc." (Emphasis supplied). The memorandum goes on to give a brief narrative

of the Informatics proxy filing and an account of the SEC experience to date with plaintiff Linker, and to inform the SEC's counsel that "[Linker] states that he may bring action against the Commission for unspecified reasons." Complaint Exh. B. It defies logic to construe preliminary material, written *to* legal counsel in order to apprise him of potential litigation, as "final" or "adopted" opinion or policy. Second, the SEC has supported its argument that the deleted sentence is within the compass of Exemption 5 by affidavit of the current General Counsel, who states that the deleted sentence "provided the General Counsel with staff opinions concerning the matters set forth in the other portions of that memorandum." Affidavit of Harvey L. Pitt, sworn to February 12, 1976, ¶ 5. Mr. Pitt adds in his affidavit that "[t]he factual portions of this intra-agency memoranda [sic] have been made available to Mr. Linker while only the one sentence reflecting the opinion of the staff member has been withheld from disclosure." *Id.* ¶ 7. The Supreme Court has recognized the distinction between purely factual material and matters of advisory opinion, finding the latter protectible under Exemption 5. *EPA v. Mink*, 410 U.S. 73, 86–87, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). Furthermore, while plaintiff has requested in camera inspection of the document in its entirety to confirm the exempt quality of the omitted sentence, such inspection is not mandatory. *Id.* at 93, 93 S.Ct. [827] at 839. This Court is satisfied that the SEC has met its burden of showing "that the documents sought fall clearly beyond the range of material that would be available to a private party in litigation with the agency." *Id.* Having disclosed the factual portions of the contested document, it has shown circumstantially "that the excised [portion] constitute[s] the barebones of protected matter." *Id.*

The Court having considered matters outside the pleadings is free to treat defendants' Rule 12(b)(6) motion for dismissal as one for summary judgment pursuant to Rule 56. Summary judgment is therefore granted in favor of defendants on count one of the complaint.

### *SEC Refusal to Provide Farnsworth Affidavit*

 Defendants, in moving to dismiss this count for failure to state a claim upon which relief can be granted, urge this Court to make a threshold determination that it lacks subject matter jurisdiction in that no such affidavit could be contemplated by the FOIA. It is true that the FOIA does not require government agencies to create opinions and records but only to disclose already existing documents. *NLRB v. Sears, Roebuck & Co., supra,* 421 U.S. at 161–62, 95 S.Ct. 1504. However, it is not necessary to determine whether some court, in the exercise of its equitable power, might in some other instance determine that an agency is required to supply an affidavit of the kind sought by plaintiff, for under no circumstance would the law require the SEC to comply with Linker's demand as made. The May 16, 1975 request to the SEC was for "[t]he file . . . relating to the complaint [Linker] made to Philip Farnsworth . . . in respect to INFORMATICS, Inc." Defendants' Local Rule 1–9(g) Statement, Exh. 1. Less than three weeks after writing this letter Linker demanded that Farnsworth submit an affidavit, swearing, in effect, that the entire SEC file concerning the merger contained only the documents which related to the Linker complaint. Such a demand was entirely improper. What Linker wanted from the SEC was a sworn untruth based on Linker's own misunderstanding of what he had requested. Certainly the SEC was not obliged to read Linker's mind with respect to his May 16th request, and that document gave no hint that he wanted the entire merger file. The Court finds the second count of plaintiff's complaint completely frivolous and grants the defendants' motion to dismiss pursuant to Rule 12(b)(6).

### *Missing Preliminary Proxy Materials*

 The SEC has submitted two affidavits to the effect that the preliminary merger proxy solicitation material filed with the Commission by Informatics has not

been found. Farnsworth has stated that at least three times he "personally searched or caused a search to be made of the branch and Commission files" located at the Central Records Section, the unit maintained for such record-keeping. Affidavit of Philip R. Farnsworth, sworn to February 11, 1976, ¶ 4. Charles A. Moore, who is identified as "the Records Officer" and "official custodian of all documents originated or received by the Commission," has stated that he has personally searched all of the Informatics files in the Central Records Section and in the Federal Records Center, to no avail. He has outlined the procedure followed by the Central Records Section in assigning a separate, numbered file to each registrant company, and states that he searched not only the Informatics file but the files with registration numbers proximate to the Informatics file. He has also circularized the SEC's Division of Corporation Finance requesting staff to review their files in an effort to retrieve the missing proxy material. Affidavit of Charles A. Moore, sworn to February 11, 1976. Moreover, the defendants have "impress[ed] upon this Court" that "if the Informatics material were to be located, the Commission's staff would then review that material to determine which portions, if any, are exempt from disclosure [and] [t]he non-exempt portions of the material would then be made available to Mr. Linker." Defendants' Memorandum of Law 23–24.

The SEC has employed due diligence in searching for the missing proxy material and has exhibited good faith in its assurance that upon retrieval it will be made available to Mr. Linker. Plaintiff's disbelief notwithstanding, it is entirely within the realm of possibility that the requested documents have quite honestly been misplaced or permanently lost. Indeed, the possibility of such an incident was clearly anticipated by the agency in the prudent fulfillment of its obligation under the FOIA, for pursuant to its mandate under section 552 to promulgate and publish rules governing procedure for obtaining copies of records held, the SEC adopted 17 C.F.R. § 200.80(d)(8)(iii), entitled "Missing or lost records." The regulation, clearly embracing the instant situation, states in its entirety:

> Any person who has requested a record or copy will be notified if the record sought cannot be found. If he so requests, he will be notified if it should subsequently be located.

The SEC has complied to the fullest with its own regulation, and this Court declines to hold that the nonproduction of the missing preliminary proxy material is an "improper withholding" within the meaning of 5 U.S.C. § 552(a)(4)(B). *Nolen v. Rumsfeld*, 535 F.2d 890, 891 (5th Cir. 1976), *cert. denied*, 429 U.S. 1104, 97 S.Ct. 1133, 51 L.Ed.2d 555 (1977). Having considered matters outside the pleadings and having determined that there is no genuine issue of material fact, the Court grants summary judgment is favor of the defendants on count three of the complaint.

To recapitulate, summary judgment in defendants' favor is granted on counts one and three of the complaint, and it is ordered that count two of the complaint be dismissed pursuant to Rule 12(b)(6).

Settle judgment on notice.