**Francisco LAVERDE and**
**Maria LAVERDE, Plaintiffs**
**vs.**
**DEPARTMENT OF HOUSING**
**AND URBAN DEVELOPMENT,**
**et al, Defendants**

**No. 81-1260-MA**

United States District Court
Commonwealth of Massachusetts

**December 29, 1981**

**William E. Melahn,** counsel for plaintiff.
**Gregory Flynn,** Asst. U.S. Atty., counsel for HUD.
**Kathy K. Camello,** counsel for HUD.

## MEMORANDUM AND ORDER

**Mazzone D.J.** The plaintiffs in this case are requesting certain documents from the Department of Housing and Urban Development (HUD) pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(B). The documents relate to the sale of their home to the Lawrence Redevelopment Authority (LRA). The LRA acquired the plaintiffs' property in connection with the North Common N.I.P. project, a program administered under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. 4601 **et seq.** and regulations promulgated pursuant thereto, 24 C.F.R., Part 42. The defendants provided agency manuals responsive to two of the document requests and moved for summary judgment on the remaining requests on the grounds that those documents are not in HUD's possession. The plaintiffs responded with a cross-motion for summary judgment and also seek an award of attorney's fees.

Summay judgment is appropriate whenever there is no genuine issue of material fact for trial. **Hahn v. Sargent,** 523 F.2d 461, 468 (1st Cir. 1975), **cert. denied,** 425 U.S. 904 (1976). Specifically, "an FOIA action is appropriately resolved on summary judgment." **Weisberg v. United States Department of Justice,** 438 F.Supp. 492, 494 (D.DC 1977), **rev'd on other grounds,** 627 F.2d 365 (D.C. Cir. 1977).

I.

The first question presented is whether the government made a good-faith effort to respond to the plaintiffs' request.

Initially, the plaintiffs have failed to demonstrate that there was a genuine issue of fact as to the completeness of HUD's document search. The uncontroverted affidavit of William Mattos, HUD Realty Specialist, indicates that he is personally familiar with the record-keeping procedures at HUD, searched the appropriate files and specifically determined that the disputed documents were not in HUD's possession. He found that these records are maintained by the LRA. This is not a situation where HUD failed to respond in good faith. See, **Brinton v. United States Department of State,** 476 F.Supp. 535 (D.DC. 1979). Here, in contrast, HUD responded with the documents they possessed and identified the location of others. There is no reason to doubt their good faith or candor. **Goland v. C.I.A.,** 627 F.2d 339, 354 (D.C. Cir. 1978). See also, **Nolen v. Rumsfeld,** 535 F.2d 890, 891-92 (5th Cir. 1976); **Assoc. of Nat'l Adv. Inc. v. F.T.C.,** 38 Ad.L.2d 643, 644 (D.DC 1976); **Exxon Corp. v. F.T.C.,** 384 F.Supp. 755, 759-60 (D.DC 1974), **remanded,** 527 F.2d 1386 (1976). Since the Mattos affidavit is sufficiently detailed and nonconclusory concerning the adequacy of the search for the requested documents there is no issue as to the sufficiency of HUD's response to the plaintiffs' request. See, **Weisberg v. United States Department of Justice,** 627 F.2d

365, 370 n.49 (D.C. Cir. 1980) and cases cited therein.

## II.

The remaining dispute in this case in whether the documents held by the LRA are "agency records" recoverable under the FOIA.

The general policy of the FOIA favors disclosure of the documents. **NLRB v. Robbins Tire and Rubber Co.,** 437 U.S. 214 (1978). The FOIA, however, only permits the federal courts to compel agencies "to produce 'agency records improperly withheld' from an individual requesting access. § 522(a)(4)(B)." **Forsham v. Harris,** 445 U.S. 169, 171 (1980).

The plaintiffs would be entitled to the documents if (1) the LRA is itself a federal agency or (2) the control by the federal agency, HUD, is so pervasive as to convert the LRA records into "agency records."

(1) The FOIA applies only to "agencies," which is defined in the statute as follows:

> For purposes of this section, the term 'agency' as defined in section 551(a) of this title indicates any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of Government (including the Executive Office of the President), or any independent regulatory agency.

5 U.S.C. § 552(e). This definition does not include a state or municipal agency such as the LRA. See, **St. Michael's Convalescent v. State Cal.,** 643 F.2d 1369 (9th Cir. 1981). As the Court in Forsham noted:

> Grants of federal funds generally do not create a partnership or joint venture with the recipient nor do they serve to convert the acts of the recipient from private acts to governmental acts absent extensive detail, and virtually day-to-day supervision. **United States v. Orleans,** 425 U.S. 807, 818 (1976).

**Forsham v. Harris,** 445 U.S. at 180. Extensive federal supervision is an inevitable part of any program spending federal funds. However, "the definition of 'agency' and congressional policy toward grantee records indicate...that Congress did not intend that grant supervision short of Government control serve as a sufficient basis to make private records 'agency records' under the act..." **Forsham v. Harris,** 445 U.S. at 182.

The plaintiffs' argument concerning the board goal of inspiring public confidence embodied in the property acquisition statute is not enough to make the LRA a federal agency. Rather, the LRA has significant independent control of the housing program. The fact that HUD promulgated regulations to monitor the expenditure of federal funds does not make the LRA a federal agency. As with the Medicaid program in California (Medi-Cal), "to assure that the federal funds are spent for the purposes for which they were intended, extensive federal regulations are promulgated and must be complied with. However, these regulations do not convert acts of local and state government bodies into federal governmental acts." **St. Michael's Convalescent v. State of Cal.,** 643 F.2d at 1374. See. also, **Irwin Memorial, Etc. v. Red Cross,** 640 F.2d 1051, 1054-57 (9th Cir. 1981) (Despite use of federal buildings, federal financial and auditing requirements and the power of the President to make appointments to the governing board, the court concluded that "the Red Cross is undoubtedly a close ally of the United States government, but its operations are not subject to substantial federal control or supervision." **Id.** at 1057): **F.T.C. v. Owens-Corning Fibreglass Corp.,** 626 F.2d 966, 971 n.9 (D.C. Cir. 1980).

(2) Having concluded that the LRA is not a federal "agency' within the FOIA, this Court may compel production of documents only if the LRA material constitutes "agency records." Although recognizing that "agency records" is nowhere defined in the FOIA, the Supreme Court has concluded that "Con-

gress contemplated that an agency must first either create or obtain a record as a prerequisite to it becoming an 'agency record' within the meaning of the FOIA." Forsham v. Harris, 445 U.S. at 182. A literal application of this test indicates that these records were neither created nor obtained by HUD and thus are not recoverable as "agency records."

The legislative history of the FOIA and definition of "records" found in other statutes, both factors stressed in Forsham, also support the conclusion that the documents requested are not "agency records."[1] The fact that HUD has a right of access is not significant. The "FOIA applies to records which have been **in fact** obtained, not to records which merely **could have been** obtained." Forsham v. Harris, 445 U.S. at 186. Similarly, reliance on the information or use of it is not determinative. Id. See also, St, Pauls Benev. Ed & Miss. Inst v. U.S., 506 F. Supp. 822, 828-29 (N.D. Ga. 1980). (Records of Center for Disease Control are agency records because they are created and obtained by the Center and had informational value relating to the Center's functions. Id. at 829.)

The plaintiffs' argumentative and conclusory memorandum does not make the documents discoverable because even "a showing of need or public interest does not alone transform the requested documents into agency records subject to the FOIA." Ryan v. United States Department of Justice, 474 F.Supp. 735, 739 (D.DC 1979).

In summary, the affidavits in this case represent a good faith effort by the HUD official to comply with the plaintiffs' requests. Since the document search revealed that the requested information was in the possession of the LRA, an agency not subject to day-to-day federal control, and since the information was neither created nor obtained by HUD, the LRA is not an "agency," nor are the documents "agency records," within the meaning of the FOIA. This Court, therefore, has no power to compel disclosure.

Accordingly, the plaintiffs' cross-motion for summary judgment is denied. Furthermore, attorney's fees are only appropriate "in any case...in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Since plaintiffs have not met this threshold the fee request must also be denied. Summary judgment is to be entered for the defendants.

SO ORDERED

**A. David Mazzone**
**United States District Judge**

---

1. Specifically, **Forsham** cited the following definitions of "records" found in other statutes: "made or received" (Records Disposal Act), "cre ted or received" (Presidential Records Act), " erwise obtained" (Securities and Exchange Act). sham v. Harris, 445 U.S. at 183.