In the Matter of an Application By MAN-DEL GRUNFELD AND HERRICK for an Order Directing the Duplication of Bulletin Notices of Entries Liquidated, Plaintiffs-Appellants,

v.

UNITED STATES CUSTOMS SERVICE, Paul E. Melendez, individually, and as District Director of Customs, San Juan, Puerto Rico, Defendant-Appellee.

No. 82–5723.

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

July 5, 1983.

Peter Herrick, Coconut Grove, Fla., pro se.

Marc Fagelson, Asst. U.S. Atty., David Goldfarb, U.S. Customs Service, Miami, Fla., for defendant-appellee.

Before RONEY, VANCE and ANDER-SON, Circuit Judges.

PER CURIAM:

The plaintiff, a Miami, Florida, attorney, seeks an order requiring the United States Customs Service to mail him at his expense bulletin notices of "liquidated" entries as they are posted at the San Juan, Puerto Rico, customshouse. He contends a previous order of the district court, the Freedom of Information Act (FOIA), 5 U.S.C.A. § 552, and agency regulations impose an affirmative duty on the Customs Service either to automatically send him copies of such bulletin notices or send them on a weekly basis as he may specifically request. The district court granted the government's motion to dismiss. We affirm.

Herrick represents importers and customshouse brokers who file entries with the United States Customs Service when they import merchandise. Customs then liquidates the entries. A "liquidation" is the final computation of the duties owed when imported goods enter the United States. 19 C.F.R. § 159.1 (1982). Notice of liquidation of formal entries is made on a bulletin notice of liquidation, *id.* at § 159.9(a), which then must be posted "for the information of importers in a conspicuous place in the customshouse at the port of entry." *Id.* at § 159.9(b). Alternatively, the notices may be kept at some "suitable" place in the customshouse that can be readily located, as long as a notice is conspicuously posted stating where the bulletin notices can be found. *Id.* An importer wishing to protest the liquidated amount must do so within 90 days of the date the bulletin notice is posted. *Id.* at § 159.9(c)(2)(iii).

The bulletin notices of entries liquidated involved here are posted at the San Juan, Puerto Rico, customshouse. As the government points out in its brief the importer may have the notices of liquidation mailed to his agent. 19 C.F.R. § 141.61(d)(3) (1982) provides:

If an importer of record desires to have refunds, bills, or *notices of liquidation*

mailed in care of his agent, the agent's importer number also shall be reported on Customs Form 5101. In this case, the importer of record shall file, or shall have filed previously, a Customs Form 4811 *authorizing the mailing of* refunds, bills, or *notices of liquidation to the agent* [Emphasis supplied].

Thus, if an attorney's client executes a Customs Form 4811 authorizing the mailing of the courtesy notices to the lawyer, as the agent of his client, he will have the information sought in this suit.

Plaintiff, however, argues that the Freedom of Information Act requires the Customs Service to mail copies of all liquidation bulletins to him. He originally brought this suit in 1980 seeking an injunction that would require the Customs Service to duplicate bulletin notices of entries liquidated (Customs Form 4333) posted daily at the Miami, Florida, and San Juan, Puerto Rico, customshouses. As a service to his clients, Herrick endeavored to review all liquidated entries to determine whether a protest should be filed. In his petition, he alleged that the Customs Service did not consistently allow inspection and copying of the bulletin notices as required by the FOIA and the customs regulations promulgated thereunder. As a result, Herrick alleged he was deprived of timely and official access to his clients' liquidated entries which in turn precluded timely filing of a protest.

The district court entered an order dated January 31, 1980, which provided in pertinent part:

1. That the bulletin notices of liquidation of Customs entries shall be posted for the information of importers in a conspicuous place in the Customhouse at the appropriate port of entry, pursuant to 19 CFR § 159.9(b).

2. That said bulletin notices shall, upon postings, be available for copying by members of the importing public. The costs of duplication, if any, shall be assumed by the party requesting such copies.

3. That the Court shall retain continuing jurisdiction in these regards.

Herrick subsequently requested the Customs Service to duplicate and mail to him bulletin notices posted at the San Juan Customshouse starting with those posted on October 2, 1981. His letter stated, "This is a continuing request for future similar Bulletin Notices," and he agreed to pay reasonable copying fees. The district director refused the request. Herrick then filed the instant petition to show cause alleging, among other things, that the refusal violated the FOIA, the regulations in 19 C.F.R. § 103 (1982) promulgated by the Customs Service to implement the Act, and the district court's order of January 31, 1980.

The court treated the petition as seeking enforcement of the 1980 order. Noting that Herrick conceded Customs had made the notices available in San Juan for inspection and copying, the court concluded that he misconstrued both the court's order and the FOIA because both require only availability, not delivery. The court rejected Herrick's argument that the Customs Service's refusal to mail the bulletin notices violated the FOIA because it forced him to pursue the costly and inefficient course of either hiring an agent or traveling to San Juan to inspect and copy the documents. The court concluded that the FOIA does not require an agency to adopt what might be argued to be the most efficient method of disseminating information. The court held the agency had complied with the January 1980 order and the FOIA by posting the notices in San Juan and dismissed the action with prejudice.

While the FOIA requires an agency, upon request, to "make [ ] records promptly available to any person," 5 U.S.C.A. § 552(a)(3), the Act does not define what constitutes "availability." Nor is there a great deal of case law interpreting the term. In *Nolen v. Rumsfeld,* 535 F.2d 890 (5th Cir.1976), *cert. denied,* 429 U.S. 1104, 97 S.Ct. 1133, 51 L.Ed.2d 555 (1977), the plaintiff sought to compel the United States Army to make certain records available to him in the state where he lived. Alternatively he asked that the government pay his travel expenses to obtain the records. The Court affirmed the district court's denial of

relief, stating that the FOIA "requires only availability, not delivery." 535 F.2d at 892.

A case relating to a request for routine mailings is *Lybarger v. Cardwell,* 577 F.2d 764 (1st Cir.1978). In that case a public interest group sought a variety of materials and handbooks from the regional Social Security office. It also requested that it be placed on a mailing list to routinely receive updated materials. The First Circuit affirmed the denial of the latter request, concluding that the FOIA did not require agencies to use "the most prompt, full, and efficient method to disclose information." *Id.* at 767. The FOIA, therefore, did not require the automatic mailing of updated materials.

We agree with the reasoning in *Lybarger.* Nothing in the FOIA can be construed as requiring an agency to set up a mailing list to automatically disseminate agency records or information. The Supreme Court, in a different context, has recognized "that agencies generally are not obligated to provide extensive services in fulfilling FOIA requests." *Kissinger v. Reporters Committee for Freedom of the Press,* 445 U.S. 136, 154, 100 S.Ct. 960, 970, 63 L.Ed.2d 267 (1980).

The district court was in the best position to interpret the meaning and breadth of its prior order.

AFFIRMED.