**Gail G. BILLINGTON, Appellee/Cross–Appellant**

v.

**DEPARTMENT OF JUSTICE, Appellant/Cross–Appellee.**

**Nos. 06–5421, 07–5008.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 11, 2007.

Gail G. Billington, Leesburg, VA, pro se.

R. Craig Lawrence, Jane M. Lyons, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellant/Cross–Appellee.

Before: SENTELLE, RANDOLPH and KAVANAUGH, Circuit Judges.

***JUDGMENT***

This appeal and cross-appeal were considered on the record from the United States District Court for the District of Columbia and on the parties' briefs and oral arguments before this Court. It is **ORDERED AND ADJUDGED** that the District Court's November 15, 2006, judgment be **AFFIRMED.**

In this 15–year–old Freedom of Information Act case, the District Court ordered the Government to release portions of notes that a journalist voluntarily provided to the Government, as well as portions of the Government's *in camera* statements to the court. Consistent with Exemption 6, the District Court directed that the notes be redacted to protect privacy interests of the journalist. In particular, the District Court redacted "the parenthetical information that represents the journalist's personal thoughts on the interview" as well as "names and dates which could lead to the journalist's identity." *Billington v. Dep't of Justice*, 301 F.Supp.2d 15, 21 (D.D.C.2004).

The Government argues that the notes should be withheld in their entirety under Exemption 6. However, the Government has cited no case involving documents voluntarily submitted to the Government that supports its broad Exemption 6 position. Exemption 6 does not authorize the Government to withhold documents in their entirety that were voluntarily submitted to the Government by private citizens, at least absent a Government assurance of confidentiality to the submitting individual. Rather, consistent with the segregability requirement of the Freedom of Information Act, voluntarily submitted documents are redacted to delete identifying and personal information. *See Carson v. Dep't of Justice*, 631 F.2d 1008, 1017 (D.C.Cir. 1980); *see also Lakin Law Firm, P.C. v. FTC*, 352 F.3d 1122, 1122–25 (7th Cir. 2003); *Strout v. Parole Comm'n*, 40 F.3d 136, 139 (6th Cir.1994). We therefore reject the Government's argument for withholding the notes in their entirety. As to the specific Exemption 6 redactions made by the District Court, our review of the record provides no basis to disturb the District Court's decision.[1]

In an earlier order, the District Court had ordered disclosure of additional parts of the notes. The Government then filed a 60(b) motion as well as an *in camera* declaration from the journalist in question. The District Court granted the Rule 60(b) motion and redacted identifying information from the notes, as set forth above. Billington raises various challenges to the Rule 60(b) order, but all are without merit. The District Court did not abuse its discretion in granting the Rule 60(b) motion or in considering the additional *in camera* information that was filed by the Government with the motion. *See Computer Professionals for Social Responsibility v. Se-*cret Service, 72 F.3d 897, 903 (D.C.Cir. 1996); *Arieff v. Dep't of the Navy*, 712 F.2d 1462, 1471 (D.C.Cir.1983); *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577–78 (D.C.Cir.1980).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. R. 41.

---

1. It appears that the initials on page 8, line 30 of the notes may also warrant redaction under the principles applied by the District Court. In its discretion, the District Court may consider that additional redaction before the notes are released.