**Melvin COOPER, Plaintiff,**

v.

**DEPARTMENT OF JUSTICE [FBI], Defendant.**

Civ. A. No. 82–2447.

United States District Court, District of Columbia.

June 17, 1983.

MEMORANDUM

GESELL, District Judge.

Plaintiff, an incarcerated federal prisoner, seeks from the Federal Bureau of Investigation through this Freedom of Information Act (FOIA) and Privacy Act action, all information pertaining to himself. The Bureau has released portions of 87 pages and withheld 158 pages in their entirety. A variety of frequently overlapping exemptions are claimed. On the basis of a detailed *Vaughn* index, explained in the sworn declaration of Special Agent Ogden, the Department has moved for summary judgment, plaintiff has responded, the defendant has replied and the issues are ripe for decision.

The documents at issue concern a 1980–81 FBI investigation of plaintiff involving suspected conspiracy, interstate racketeering and prostitution, and obstruction of justice. The Court has already dealt with a related case arising from plaintiff's separate FOIA request filed in this Court in *Cooper v. Department of Justice-Tax Division*, Civil Action No. 82–2448, decided by Memorandum and Order dated January 12, 1982.

The Department of Justice claims exemption for the documents in various respects relying on FOIA exemptions (b)(3), (b)(5), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E). These claims must be sustained for reasons outlined below. The documents are also exempt from disclosure under the Privacy Act under 5 U.S.C. § 552a(j)(2) and implementing regulations found at 28 C.F.R. § 16.96.

Cooper in a pointed informed *pro se* opposition raises a number of specific questions as to the sufficiency of the *Vaughn v. Rosen* index and application of some of the exemptions claimed to the documents in question. He requested an *in camera* inspection by the Court which has now personally examined each of the withheld papers *in camera*. Cooper makes a number of contentions which the Court has particularly tested against the materials. The major points are noted below.

Cooper contends that documents 2, 6 and 7 are not properly exempt under (b)(3). As indicated at page 3 of movant's reply brief, this claim of exemption relates only to specific pages of these documents and so read the material is covered by Rule 6(e) of the Federal Rules of Criminal Procedure. Other exemptions as to the material are also appropriately claimed.

■ Cooper suggests that the documents claimed exempt under the (b)(5) exemption are not predecisional. The Court disagrees. Predecisional internal memoranda are exempt under (b)(5). Many of the documents claimed to be exempt under (b)(5) reflect opinions as to the scope and nature of charges to be brought or the manner of conducting the inquiry. None of these materials constitute final decisions and the exemption is appropriately claimed. *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C.Cir. 1980); *FTC v. Grolier Incorporated,* —— U.S. ——, ——, 103 S.Ct. 2209, 2213–14, 76 L.Ed.2d 387 (1983).

■ Cooper contends he should have access to the so-called "rap sheets" of third parties. "Rap sheets" of persons other than the plaintiff requester and other criminal histories relating to third parties are clearly exempt under (b)(6). This material records the past criminal involvement of various persons giving information or suspected of involvement. Some of the information came from cooperating law enforcing agencies who are properly protected as confidential sources. No public interest is even suggested which would warrant infringing upon the exemption. *Fund for Constitutional Government v. National Archives and Records Service*, 656 F.2d 856 (D.C.Cir.1981).

Cooper suggests that identifying and factual information was improperly excerpted from document 10, a prosecution report, but inspection *in camera* does not support these contentions.

Cooper incorrectly claims that on the search warrant return items seized from him have been excised.

■ Information identifying FBI agents involved in the investigation and certain informants is clearly exempt under (b)(7)(C) and there is no countervailing consideration here which would warrant disclosure. *Baez v. United States Department of Justice*, 647 F.2d 1328, 1339 (D.C.Cir.1980); *Lesar v. Department of Justice*, 636 F.2d 472, 487 (D.C.Cir.1980); *Congressional News Syndicate v. United States Department of Justice*, 438 F.Supp. 538, 541 (D.D. C.1977).

■ Investigatory records presenting data received from cooperating agencies and confidential sources warranting protection are clearly exempt under (b)(7)(D). *Lesar v. Department of Justice, supra* at 489; *Pope v. United States*, 599 F.2d 1383 (5th Cir.1979).

Finally, the representations by affidavit that exemption (b)(7)(E) is claimed to protect the type and mechanics of certain somewhat unique investigatory techniques is, accepted, warranting recognition of exemption (b)(7)(E).

■ In general, Cooper understandably complains about the generality of the Ogden declaration and believes that in spite of Ogden's representations to the contrary much material withheld could be segregated and is itself nonexempt. The difficulty is that an adequately informative description would breach the exemptions and that while the length of some of the documents suggests segregation might be possible, examination of the actual papers shows that such is not the case. Mr. Cooper is preparing for a parole hearing. He has not pinpointed any specific item needed for this purpose. Rather, he has sought all FBI files pertaining to him. The declaration is adequate.

It is apparent from *in camera* inspection and the papers filed that the FBI has made a thorough and conscientious search and meticulously attempted to apply the exemptions claimed. The Department of Justice's motion for summary judgment is granted.