**INSTITUTE FOR POLICY STUDIES, Plaintiff,**

v.

**The DEPARTMENT OF the AIR FORCE, Defendant.**

**C.A. No. 87–0916.**

United States District Court, District of Columbia.

Oct. 29, 1987.

**4**

Daniel Joseph, Brian Owensby, Akin, Gump, Strauss, Hauer & Feld, Washington, D.C., for plaintiff.

Melanie Ann Pustay, Office of Information and Privacy, U.S. Dept. of Justice, Washington, D.C., for U.S.

## ORDER

REVERCOMB, District Judge.

The plaintiff filed this action under the Freedom of Information Act (FOIA), 5 U.S. C. Sec. 552, to obtain the Security Classification Guide (Guide) for defendant's Groundwave Emergency Network (GWEN) program. The matter is before the Court on cross motions for summary judgment filed by the parties.

GWEN is a low-frequency radio network designed to allow members of the government and the military to communicate during and after a nuclear attack. GWEN was developed in response to the concern that United States strategic command and control systems could easily be disabled in a nuclear war. The theory is that nuclear explosions would create an electromagnetic pulse, which could disrupt or cripple existing North American communication and power lines, many radio frequencies, radar systems and aircraft and missile electronics. GWEN will use low frequency radio waves, which are less vulnerable to an electromagnetic pulse, to link a large number of sensor sites, command posts, and land-based nuclear forces.

The Guide details categories of information that are classified and level of classification for each category. The Guide is used by Air Force personnel to apply appropriate classification markings to newly created documents. The Guide itself is unclassified in order to permit disclosure of relevant portions to uncleared government contractors, but its dissemination is restricted.

Plaintiff first sought release of the Guide in a FOIA request dated November 11, 1985. In a letter dated December 26, 1985, the Air Force denied the request based on Exemption 2 of FOIA (5 U.S.C. Sec. 552(b)(2)), which allows the withholding of internal agency documents "related solely to internal personnel rules and practices...." Plaintiff appealed the denial on

February 20, 1986, arguing that Exemption 2 was not a proper basis for withholding the Guide and noting that similar guides had been routinely released in the past by the Air Force and other Department of Defense components. The Air Force denied this appeal by letter dated July 21, 1986 on the grounds that the document was "predominantly internal and its disclosure would significantly risk circumvention of agency regulations or statutes." The letter noted that the Guide had been prepared for internal use and that its distribution had been appropriately limited. Plaintiff filed this action on April 3, 1987, contending that its FOIA request was improperly denied.

The gist of plaintiff's argument is that Exemption 2 of FOIA is inappropriate for withholding unclassified national security information. Exemption 1 of FOIA (5 U.S. C. Sec. 552(b)(1)) protects properly classified information. Plaintiff contends that defendant is seeking to use Exemption 2 as an "anemic" form of classification that runs counter to congressional intent to protect under the rubric of national security information only data that has been properly classified according to Executive Order No. 12356.

The Court is satisfied that the government has met its burden of showing that the Guide is protected from disclosure under Exemption 2. The Guide meets the test established in *Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051, 1074 (D.C.Cir.1981). First, it is difficult to conceive of a document that is more "predominantly internal" than a guide by which agency personnel classify documents. Plaintiff asserts that the Guide would facilitate obtaining further unclassified documents about the controversial GWEN program because it would help identify which documents are unclassified. The Court does not agree that the "legitimate public interest" asserted by plaintiff in the GWEN program extends to the classification criteria and procedures employed by defendant. Recognizing, however, that a "reasonably low threshold should be maintained for determining when withheld

administrative material relates to significant public interests," *Founding Church of Scientology v. Smith*, 721 F.2d 828, 830 n. 4 (D.C.Cir.1983), the Court assumes without deciding that there is a significant public interest in the Guide. Even so, the government properly withheld the Guide under the second prong of the *Crooker* analysis, which protects material the disclosures of which would risk circumvention of lawful agency regulation. *See Founding Church, supra,* 721 F.2d at 830 n. 4. Although not classified, the Guide's categorization of information provides clues by which a reader can gauge which components of GWEN are the most sensitive and consequently the most important. Foreign intelligence services could use the Guide to identify and gather unclassified documents which could be used to seek out the vulnerabilities of GWEN. Consequently, the Guide is analogous to the "sensitive administrative instructions for the handling" of documents the Court of Appeals found entitled to the protection of Exemption 2 in *Founding Church*, 721 F.2d at 829.

There is no merit to plaintiff's contention that the "internal personnel rules and practices" of Exemption 2 apply only to law enforcement records or personnel practices. The Court also finds that the use of Exemption 2 to withhold internal agency information on grounds of national security is not inconsistent with Exemption 1. There is considerable overlap among the FOIA exemptions. *See Military Audit Project v. Casey*, 656 F.2d 724, 736–37 n. 39 (D.C.Cir.1981); *Cooper v. Department of Justice*, 578 F.Supp. 546, 547 (D.D.C. 1983); *Powell v. Department of Justice*, 584 F.Supp. 1508, 1521 (N.D.Cal.1984). If a document independently meets the conditions of Exemption 2, the government may, without more, withhold it on that basis.

ORDERED, that plaintiff's Motion for Summary Judgment is DENIED. Defendant's Motion for Summary Judgment is GRANTED and this action is DISMISSED.