769 F.Supp. 314 (1991)
Mark B. ANDREWS, Jr., Personal Representative of the Estate of Mark Andrews, Sr., Deceased, Plaintiff,
v.
U.S. DEPARTMENT OF JUSTICE and U.S. Parole Commission, Defendants.
No. 89-2111C(6).
United States District Court, E.D. Missouri, E.D.
July 17, 1991.
*315 Mark Corman, Paul H. Schramm, Schramm & Pines, St. Louis, Mo., for plaintiff.
Henry Fredericks, Asst. U.S. Atty., St. Louis, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendants' motion to dismiss, or in the alternative, for summary judgment and plaintiff's cross-motion for partial summary judgment. For the reasons set forth below, defendants' motion to dismiss will be granted and plaintiff's complaint will be dismissed with prejudice.
On November 16, 1989, plaintiff Mark B. Andrews, Jr. commenced this Freedom of Information Act (FOIA) suit against the defendants. U.S. Department of Justice (Department) and U.S. Parole Commission (Commission). Andrews contends that defendants wrongfully withheld information within its control that is subject to release under the FOIA.
Pursuant to the FOIA, Andrews made a written request of the Commission on April 11, 1989, seeking information relating to the location and employment of Randolph Jackson Rudd, a released federal prisoner.[1] As the administrator of the estate of Mark Andrews, Sr., deceased, Andrews sought the information in order to locate Rudd to satisfy a judgment obtained against him and awarded in favor of the decedent's estate.[2] The Commission's General Counsel denied Andrew's request on May 22, 1989. On July 5, 1989, Andrews appealed the denial of his request to the Department's Office of Information and Privacy. The Department subsequently denied the appeal, citing exemptions 6 and 7(C) of the FOIA.
Defendants move to dismiss plaintiff's complaint or, in the alternative, for summary judgment contending that the requested information is exempt from disclosure because such disclosure would constitute an unwarranted invasion of personal privacy. In support of this contention, defendants offer the affidavit of Mary E. Cahill, an attorney for the United States Parole Commission, in which the affiant states that disclosure of the requested information would constitute a clearly unwarranted invasion of personal privacy or could reasonably be expected to constitute an unwarranted invasion of personal privacy. (¶ 10 & 11) In addition, the affiant states that no public interest warrants the disclosure of the requested information. (¶ 12)
Plaintiff moves to strike the aforementioned affidavit as conclusory and for failure to demonstrate "a logical connection between the information sought and the claimed exemption[s]." Goldberg v. United States Dep't of State, 818 F.2d 71, 78 *316 (D.C.Cir.1987) (citations omitted). Although defendants' affidavits are little more than rote incantations of ultimate legal conclusions, the Court finds it unnecessary to strike the affidavits because it will confine itself to the pleadings and treat this motion as a motion to dismiss rather than a motion for summary judgment. Therefore, plaintiff's motion to strike will be denied as moot.
Plaintiff also moves for summary judgment contending that defendants have failed to sustain their burden of demonstrating that the information requested is exempt from disclosure pursuant to Exemptions 6 and 7(C). In addition, plaintiff asserts that the public interest implicated by the disclosure, the satisfaction of civil judgment, outweighs any intrusion of privacy which might result from the disclosure.
The FOIA requires an agency to disclose all records requested by "any person" unless the information falls within a specific statutory exemption. 5 U.S.C. § 552(a)(3) & (d). Exemption 6 provides that an agency shall not disclose "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 7(C), which is applicable here, provides that the agency shall not disclose "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... constitute an unwarranted invasion of personal privacy...." 5 U.S.C. § 552(b)(7)(C).
The Supreme Court has emphasized that the basic policy of the FOIA is "disclosure, not secrecy" and that "the exemptions ... must be narrowly construed." Department of the Air Force v. Rose, 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976). Thus, the FOIA demands disclosure if no significant privacy interest is implicated. See Department of Justice v. Tax Analysts, 492 U.S. 136, 109 S.Ct. 2841, 2850-53, 106 L.Ed.2d 112 (1989). Where a substantial privacy interest is at stake, the Court must weight that privacy interest in non-disclosure against the public interest in the release of the records in order to determine whether, on balance, disclosure would work a "clearly unwarranted" or an "unwarranted" invasion of privacy. Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989) (construing Exemption 7); Department of the Air Force v. Rose, 425 U.S. at 372, 96 S.Ct. at 1604 (construing Exemption 6).
Therefore, the Court must first determine whether individuals possess a privacy interest in the type of information sought here, namely the identification of one's home address, telephone number and place of employment. The courts which have considered this issue have concluded that "individuals ... have a privacy interest [in these types of information] which may be asserted in opposition to requests for disclosure" under the FOIA. Department of Agriculture v. Federal Labor Relations Authority, 836 F.2d 1139, 1143 (8th Cir.1988), vacated on other grounds, 488 U.S. 1025, 109 S.Ct. 831, 102 L.Ed.2d 964 (1989). See also Fitzgibbon v. Central Intelligence Agency, 911 F.2d 755, 767-68 (D.C.Cir.1990); National Ass'n of Retired Fed. Employees v. Horner, 879 F.2d 873, 875 (D.C.Cir.1989), cert. denied sub. nom., National Ass'n of Retired Fed. Employees v. Newman, ___ U.S. ___, 110 S.Ct. 1805, 108 L.Ed.2d 936 (1990); Multnomah Co. Medical Society v. Scott, 825 F.2d 1410, 1415-16 (9th Cir.1987); Heights Community Congress v. Veterans Admin., 732 F.2d 526, 529 (6th Cir.), cert. denied, 469 U.S. 1034, 105 S.Ct. 506, 83 L.Ed.2d 398 (1984); American Federation of Gov't Employees v. United States, 712 F.2d 931, 932 (4th Cir.1983); United States v. Liebert, 519 F.2d 542, 548 (3d Cir.), cert. denied, 423 U.S. 985, 96 S.Ct. 392, 46 L.Ed.2d 301 (1975).
Having determined that the request for information at issue here implicates a "cognizable privacy interest," the Court must now weight that interest against the public interest in disclosure. Department of Agriculture v. Federal Labor Relations Authority, 836 F.2d at 1143. Plaintiff contends that a public interest in the satisfaction *317 of judgments will be served by the disclosure of Rudd's address and place of employment. This argument misapprehends the nature of the public interest inquiry under the FOIA. Whether the disclosure of private information is warranted under the FOIA turns on the relationship of the information sought to the basic purpose of the FOIA, which is "to open agency action to the light of public scrutiny." United States Dep't of Justice v. Reporters Committee, 109 S.Ct. at 1481, (quoting Department of the Air Force v. Rose, 425 U.S. at 372, 96 S.Ct. at 1604). "Official information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose. That purpose is not fostered, however, by disclosure of information about private citizens that is accumulated in ... governmental files but that reveals little or nothing about an agency's own conduct." United States Dep't of Justice v. Reporters Committee, 109 S.Ct. at 1481.
Therefore, even if plaintiff's ultimate purpose for seeking the information would arguably serve a public interest in the satisfaction of judgments, this interest does not support disclosure under the FOIA. "[W]hether an invasion of privacy is warranted cannot turn on the purposes for which the request for information is made." Id. at 1480 (emphasis in original). Because a response to plaintiff's request for information "would not shed any light on the conduct of any Government agency or official," it does not implicate a public interest cognizable under the FOIA. Id. at 1481.
On the basis of the foregoing, the Court concludes that there is a cognizable personal privacy interest in avoiding disclosure of the information sought but no public interest, for purposes of the FOIA, in favor of disclosure. Therefore, the Court "need not linger over the balance; something, even a modest privacy interest, outweighs nothing every time." National Ass'n of Retired Fed. Employees v. Horner, 879 F.2d at 879.
Accordingly, the Court concludes that the disclosure of the requested records would result in an "unwarranted" or "clearly unwarranted invasion of personal privacy" within the meaning of the FOIA. 5 U.S.C. §§ 552(b)(6) and 7(C).
NOTES
[1] Andrews requested the following information: 1) current residence address; 2) current telephone number; 3) current employer(s); 4) current employer(s)' address(es); 5) current employer(s)' telephone number(s); and 6) name(s), address(es) and telephone number(s) of any other person(s) or entity(ies) from whom he has received and from whom he currently receives income or other compensation since his release from prison.
[2] Judgment was had in the Superior Court of California, County of Los Angeles, on December 13, 1982, cause no. C-353-691, for Mark Andrews, Jr., Administrator for Estate of Mark Andrews, Sr., Deceased, and against Randolph Jackson Rudd, in the sum of $247,283.50.