**Woody VOINCHE, Plaintiff,**

v.

**FEDERAL BUREAU OF INVESTIGATION,
Defendant.**

**Civil Action No. 95–01944(CRR).**

United States District Court,
District of Columbia.

Sept. 24, 1996.

Woody Voinche, Marksville, LA, pro se.

Fred E. Haynes, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, appeared on the briefs, Washington, DC, for Defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

Before the Court in the above-entitled case are the defendant's Motion for Summary

Judgment;[1] the plaintiff's Opposition thereto; and the defendant's Reply. This case arises out the defendant's decision to withhold entire documents and portions of documents responsive to the plaintiff's Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request seeking material that had been previously released to Alexander Charns and referenced in Mr. Charns' book, *Cloak and Gavel.*

The defendant has moved for summary judgment on the grounds that it has released all material responsive to the plaintiff's request except information properly withheld pursuant to various exceptions to the FOIA. Upon consideration of the filings by the parties, the entire record herein, the law applicable thereto, and for the reasons set forth below, the defendant's Motion for Summary Judgment shall be granted.

## BACKGROUND

On September 23, 1993, the plaintiff sent a letter to the defendant, the Federal Bureau of Investigation ("FBI"), requesting information concerning alleged FBI wiretaps at the United States Supreme Court, "overhears" of conversations Justices had with third parties, former FBI chief, J. Edgar Hoover's official and confidential ("O & C") files, and other surveillance issues. On May 24, 1994, the defendant released 152 pages of documents to the plaintiff relating to the Supreme Court and the judiciary. The defendant, however, withheld documents and redacted material from the pages released to the plaintiff pursuant to FOIA exemptions (b)(1); (b)(2); (b)(3); (b)(6); (b)(7)(C); (b)(7)(D) and (b)(7)(E). *See* 5 U.S.C.A. §§ 552(b)(1), (2), (3), (6), (7)(C), (7)(D) and (7)(E) (1996). The plaintiff appealed the decision to withhold and redact portions of documents. On October 16, 1995, having received no decision on his appeal, the plaintiff filed the above-entitled action requesting the Court to order the defendant to produce the withheld records to

the plaintiff and to award costs and attorney's fees.

The parties agreed that the defendant would file *Vaughn* indices[2] explaining the basis for its withholding of documents, the first of which was filed on April 29, 1996. A status conference in the case was held on May 31, 1996, at which time the plaintiff withdrew his request for production the Hoover O & C files, since those documents were available for review at the FBI Headquarters' reading room. Also at that time, the plaintiff stated that he would not contest the defendant's withholdings that were addressed in the declarations of the FBI Special Agents filed on April 29, 1996. The defendant filed further *Vaughn* indices on June 14, 1996.

On June 17, 1996, the defendant filed a Motion for Partial Summary Judgment.[3] After the nonexempt portions of a final outstanding document—previously referred to the CIA for review—were released, the defendant filed a Motion for Summary Judgment on July 1, 1996.

## DISCUSSION

**I. DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT BECAUSE THE PLAINTIFF HAS NOT RAISED ANY GENUINE ISSUES OF MATERIAL FACT AND THE DEFENDANT PROPERLY ASSERTED FOIA EXEMPTIONS (b)(1), (b)(2), (b)(3), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E) TO JUSTIFY ITS WITHHOLDING OF DOCUMENTS.**

■ Summary judgment must be granted to the movant if it has shown, when the facts are viewed in the light most favorable to the nonmovant, that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In FOIA

---

1. In its Motion for Summary Judgment, the defendant incorporates its Motion for Partial Summary Judgment, filed June 17, 1996.

2. *Vaughn v. Rosen,* 484 F.2d 820, 827 (D.C.Cir. 1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

3. The Motion was for partial summary judgment because the declarations attached to it did not address one document that had been referred by the FBI to the CIA for a response to the plaintiff.

cases, the burden of justifying nondisclosure lies with the defendant agency, and summary judgment in its favor is appropriate only where the agency can "prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from [FOIA's] inspection requirements." *National Cable Television Ass'n, Inc. v. FCC,* 479 F.2d 183, 186 (D.C.Cir.1973).

■ The defendant bases its withholding of the records responsive to the plaintiff's FOIA request on Exemptions (b)(1), (b)(2), (b)(3), (b)(6), and (b)(7). When an agency seeks summary judgment on the basis of a FOIA exemption, it can discharge its burden by providing a relatively detailed justification, "specifically identifying the reasons why a particular justification is relevant and correlating those claims with the particular part of a withheld document to which they apply." *Mead Data Central, Inc. v. Department of the Air Force,* 566 F.2d 242, 251 (D.C.Cir. 1977). The Court may grant summary judgment solely on the basis of affidavits or declarations that explain how requested information falls within a claimed exemption if the affidavits or declarations are sufficiently detailed, nonconclusory, and submitted in good faith. *Goland v. CIA,* 607 F.2d 339, 352 (D.C.Cir.1978), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980); *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C.Cir.1981). Still, the Court must review *de novo* an agency's decision to exempt information. 5 U.S.C.A. § 522(a)(4)(B) (1996).

Consistent with the liberal treatment generally afforded *pro se* litigants, the defendant has provided notice to the plaintiff in its Motion for Summary Judgment that any factual assertions contained in the affidavits and other attachments in support of the Motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting such assertions. Defendant's Motion for Summary Judgment at 2; *see Neal v. Kelly,* 963 F.2d 453, 456 (D.C.Cir.1992); Local Rule 108; Fed.R.Civ.P. 56(e). Notwithstanding the provision of adequate notice to the plaintiff by the defendant of the operation of the summary judgment rule, the plaintiff's documentary evidence in support of his Opposition to the defendant's Motion fails to contradict many of the factual assertions underlying the various grounds upon which the defendant's Motion rests. Accordingly, the Court must accept as true the uncontroverted allegations.

### A. Exemption (b)(1) was properly asserted.

■ Exemption (b)(1) protects materials "specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy" and "are in fact properly classified pursuant to such Executive order." 5 U.S.C.A. § 552(b)(1). In this instance, the defendant relies on Executive Order 12,958, which became effective on October 14, 1995, and which governs the classification and protection of: (a) information that would reveal the identity of a confidential human source, or reveal information about the application of an intelligence source or method, or reveal the identity of a human intelligence source when the unauthorized disclosure of that source would clearly and demonstrably damage the national security interests of the United States; and (b) information that, if revealed, would seriously and demonstrably impair relations between the United States and a foreign government, or seriously and demonstrably undermine ongoing diplomatic activities of the United States. Exec. Order No. 12,958, 60 Fed.Reg. 19,825 (1995).

Special Agent Richard D. Davidson, a supervisor in the defendant's Document Classification Unit and designated by the U.S. Attorney General as a classification and declassification authority, was given by the defendant the task of reviewing all classified documents responsive to the plaintiff's FOIA request and justifying the withholding of some of those documents based on Exemption (b)(1) through his declarations, filed with this Court on April 29 and June 14, 1996.

In his declarations, Special Agent Davidson explains in detail the analysis he applied in determining which documents or portions of documents should be withheld on the basis of Exemption (b)(1). First & Sec. Davidson Decs. ¶¶ 3–17. His declarations also state that the information in the documents with-

held under Exemption (b)(1) has been properly classified and its release would harm the national interest. *Id.* at ¶ 6.

The majority of documents withheld in this case under Exemption (b)(1) were classified in their entirety and, thus, were completely withheld from release. *See* Sec. Davidson Dec., App. A. The entries in Special Agent Davidson's *Vaughn* index relating to these documents are vague as to the nature of the documents or information withheld. As a result, the indices relating to classified documents do not provide much help to the Court in reviewing *de novo* the defendant's decision to withhold the documents. In his Opposition to the defendant's Motion for Partial Summary Judgment, the plaintiff argues that these index entries are insufficient in that they are "only generalized theoretical discussion[s] of possible harms which could result from release of information." Plaintiff's Opposition to the FBI's Motion for Partial Summary Judgment; Motion for In Camera Review and to Allow Interrogatories at 1 ("Plaintiff's Opposition") (quoting *Wiener v. FBI*, 943 F.2d 972, 973–74 (9th Cir.1991)). The plaintiff questions whether the defendant could have further segregated exempt from nonexempt materials. Plaintiff's Opposition at 2.

■ In isolation, the Court finds these *Vaughn* index entries troubling, given the difficulty such entries create for the Court in conducting a *de novo* review of the defendant's decision to withhold the indexed documents. However, in light of: (1) Special Agent Davidson's thorough declarations; (2) the Department of Justice's Department Review Committee's review of Special Agent Davidson's classification determinations, *see* Sec. Davidson Dec. ¶ 5; and (3) the defendant's *Vaughn* index entries relating to nonclassified material withheld from the plaintiff, which unquestionably provide adequate detail for such *de novo* review; the Court will accept as true Special Agent Davidson's assertion that the defendant provided as much information in its *Vaughn* index as it could about documents classified in their entirety without compromising national interests. *Vaughn* declarations filed in FOIA cases involving classified documents inherently require a degree of generalization and such generalization does not violate the FOIA. *See, e.g., Maynard v. CIA*, 986 F.2d 547, 557 (1st Cir.1993).

Furthermore, courts generally have deferred to agency expertise in national security matters, *see, e.g., Miller v. Casey*, 730 F.2d 773, 776 (D.C.Cir.1984); *Taylor v. Department of the Army*, 684 F.2d 99, 109 (D.C.Cir.1982) (classification affidavits are entitled to the "utmost deference"). This Court, too, is reluctant to substitute its judgment in place of the agency's "unique insights" in areas of national defense and foreign relations. *Krikorian v. Department of State*, 984 F.2d 461, 464–65 (D.C.Cir.1993) (acknowledging agency's "unique insights" in areas of national defense and foreign relations). Therefore, in light of the Davidson declarations and the defendant's responsible and thorough preparation of *Vaughn* indices not involving documents classified in their entirety, the Court concludes that the defendant's invocation of exemption (b)(1) was proper, despite the vague descriptions in certain *Vaughn* index entries.

## B. The Defendant Properly Asserted Exemption (b)(2).

■ Exemption (b)(2) protects information "related solely to the internal personnel rules and practices of an agency." 5 U.S.C.A. § 552(b)(2). To fall within exemption (b)(2), the material withheld must be "predominantly internal" and its disclosure "significantly risk circumvention of agency regulations or statutes." *Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051, 1073–74 (1981). Under the *Crooker* test, whether there is any public interest in disclosure is irrelevant. *See Kaganove v. EPA*, 856 F.2d 884, 888–89 (7th Cir.1988), *cert. denied*, 488 U.S. 1011, 109 S.Ct. 798, 102 L.Ed.2d 789 (1989); *Institute for Policy Studies v. Department of the Air Force*, 676 F.Supp. 3, 5 (D.D.C.1987). This is because the concern in such cases is that a FOIA disclosure should not "benefit those attempting to violate the law and avoid detection." *Crooker*, 670 F.2d at 1053.

■ In this case, the defendant asserted Exemption (b)(2) for permanent confidential

source symbol numbers, file numbers, and certain manuals containing detailed discussions regarding techniques used by professional gamblers to evade prosecution. First Kelso Dec. ¶¶ 33–36; Sec. Kelso Dec. ¶¶ 33–38. In addition, the FBI withheld information relating to the security of the Supreme Court building and the security procedures for Supreme Court Justices. *Id.* at ¶ 39.

The Court has reviewed the declarations of Special Agent John M. Kelso, Jr. and the *Vaughn* indices prepared by him. Finding that Special Agent Kelso adequately explained the processes by which he reviewed documents for responsiveness and determined which material should be withheld under Exemption (b)(2), and satisfied with the information about the withheld material provided in the aforementioned *Vaughn* indices, the Court finds that the defendant properly asserted Exemption (b)(2).

## C. The Defendant Properly Asserted Exemption (b)(3).

■ Exemption (b)(3) allows for the withholding of information specifically exempted from disclosure by statute, provided the statute (a) requires matters to be withheld from the public in such a manner as to leave no discretion on the issue, or (b) establishes particular criteria for withholding or refers to particular types of matters to be withheld. 5 U.S.C.A. § 552(b)(3).

The defendant withheld the name of an individual subpoenaed to appear before the Grand Jury, along with the time, place and the particular case. First Kelso Dec. ¶¶ 38–39. The defendant argues that releasing this information would violate the secrecy of the Grand Jury proceedings and reveal the scope and directions of the proceedings. *Id.* at ¶ 38.

The Court agrees. Rule 6(e) of the Federal Rules of Criminal Procedure prohibits the disclosure of matters which occur before Grand Juries, except under narrow circumstances inapplicable here. F.R.Crim.P. 6(e). Accordingly, the Court finds that the defendant properly exempted the information relating to a Grand Jury proceeding from disclosure pursuant to the FOIA.

## D. The Defendant Properly Asserted Exemption (b)(6).

■ Under FOIA Exemption (b)(6), material may be withheld which "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C.A. § 552(b)(6). The Court finds that Exemption (b)(6) was correctly asserted to protect the names and identifying information with regard to individuals and that summary judgment in favor of the defendant on this claim is appropriate.

Here, the defendant invoked Exemption (b)(6) to withhold information, including: (1) the names and initials of Special Agents and support employees; (2) the names and addresses of individuals who wrote to J. Edgar Hoover, to Justices of the Supreme Court, or to members of Congress expressing their views on some of the Supreme Court's decisions or on particular Justices; (3) the names and identifying data of individuals mentioned during the course of routine day-to-day matters with the FBI; (4) the names and titles of Supreme Court employees and applicants; (5) the names of non-federal law enforcement officers; (6) the names of non-FBI federal government employees; (7) and the names and identifying data of possible candidates for vacancies on the Supreme Court. First & Sec. Kelso Decs. ¶¶ 40–49.

To warrant protection under Exemption (b)(6), information must, as a threshold matter, be contained within "personnel and medical files and similar files." 5 U.S.C.A. § 552(b)(6). As the Supreme Court noted in *Department of State v. Washington Post Co.,* 456 U.S. 595, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982), the protection of an individual's privacy interests "surely was not intended to turn upon the label of the file which contains the damaging information." *Id.* at 601, 102 S.Ct. at 1961 (citing H.R.Rep. No. 1497, 89th Cong., 2d Sess. 11 (1966)), U.S.Code Cong. & Admin.News 2418, 2428. It held, rather, that all information which "applies to a particular individual" meets the threshold requirement for Exemption (b)(6) protection. *Id.* at 602, 102 S.Ct. at 1961–62. The defendant asserts Exemption (b)(6) to protect the names and identifying data of specific individuals, and, thus, has met the threshold requirement.

The defendant also must establish that the disclosure of the records at issue "would constitute a clearly unwarranted invasion of personal privacy," which requires a balancing of the public's right to disclosure against the individual's right to privacy. *See Department of the Air Force v. Rose,* 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1976). Because the release of the names and identifying features of individuals withheld would serve no articulable public interest, the Court finds that the defendant's assertion of Exemption (b)(6) in order to protect the privacy interests of the individuals at issue was correct.

The Supreme Court has sharply limited the concept of "public interest" under the FOIA to the core purpose for which it was enacted: to "shed [ ] light on an agency's performance of its statutory duties." *Department of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 773, 109 S.Ct. 1468, 1481–82, 103 L.Ed.2d 774 (1989).[4] Information that does not directly reveal the operation or activities of the federal government "falls outside the ambit of the public interest that the FOIA was enacted to serve." *Id.* at 775, 109 S.Ct. at 1482–83; *see Andrews v. Department of Justice,* 769 F.Supp. 314, 316 (E.D.Mo.1991) ("[T]he nature of the public interest inquiry under the FOIA ... turns on the relationship of the information to the basic purpose of the FOIA, which is 'to open agency action to the light of public scrutiny.' ") (quoting *Reporters Comm.,* 489 U.S. at 772, 109 S.Ct. at 1481) (quoting *Rose,* 425 U.S. at 372, 96 S.Ct. at 1604).

The information withheld in this case under Exemption (b)(6) consists entirely of names and identifying data of individuals. *See* First & Sec. Kelso Decs. ¶¶ 40–49. There is no reason to believe that the public will obtain a better understanding of the workings of various agencies by learning the identities of FBI Special Agents and support personnel, private citizens who wrote to government officials, non-federal law enforcement officers, non-FBI federal employees or candidates for vacancies on the U.S. Supreme Court. Accordingly, in light of the countervailing privacy interests of third parties about whom personal information is contained in the requested records, the Court finds that the defendant properly asserted Exemption (b)(6). The Court therefore shall grant the defendant's Motion for Summary Judgment with regard to their assertion of Exemption (b)(6) to withhold requested information.

### E. The Defendant Properly Asserted Exemption (b)(7).

The defendant also withholds certain information from release to the plaintiff under three subsections of Exemption (b)(7) of the FOIA. Exemption (b)(7) protects "investigatory records compiled for law enforcement purposes," but is limited to those records the production of which would cause one of a variety of enumerated harms. 5 U.S.C.A. § 552(b)(7).

#### 1. Exemption (b)(7)(C).

Exemption (b)(7)(C) provides protection from disclosure to investigatory material when such disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C.A. § 552(b)(7)(C) (1996). "It is generally recognized that the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation." *Branch v. FBI,* 658 F.Supp. 204, 209 (D.D.C.1987); *see also Lesar v. Department of Justice,* 636 F.2d 472, 488 (D.C.Cir.1980). As such, the Court is required to balance the personal privacy interests of the named individuals with the interest of the public in the disclosure of such information. *Reporters Comm.,* 489 U.S. at

---

**4.** On September 17, 1996, both houses of Congress passed a bill that amends the FOIA to effectively overrule the U.S. Supreme Court's holding in *Reporters Comm.* The amendment clarifies that "the information collected by federal agencies is subject to release for any public or private purpose, as long as it does not conflict with the existing exemptions." Ira Chinoy, *Amendment Seeks to Open Public Files to Digital Diggers,* Washington Post, September 18, 1996 at A17; *see Electronic Freedom of Information Act Amendments of 1996,* H.R. 3802, 104th Cong., 2d Sess. (1996). The President had not signed the bill into law as of the date of this Memorandum Opinion.

762, 109 S.Ct. at 1476; *Stern v. FBI*, 737 F.2d 84, 91 (D.C.Cir.1984).

■ In this case, the defendant asserts that information in investigatory material has been withheld from the plaintiff under Exemption (b)(7)(C) because it consists of: (1) the names and initials of Special Agents and support personnel of the FBI; (2) the names and identifying data of third parties of investigative interest; (3) the names and identifying data of non-FBI federal government employees; (4) the names of employees of the Supreme Court who provided information in connection with their employment; (5) the names and identifying data of third parties mentioned during the course of interviews or contacts with third parties and toward whom no investigative effort was directed; (6) the name and title of an individual who, by reason of his employment, was in a position to furnish information concerning the investigation of the alleged attempt to sell advance opinions of the U.S. Supreme Court; (7) the names and identifying data of third parties interviewed about then-Governor Earl Warren and some of his associates; and (8) the names and identifying data of an individual who corresponded with the FBI regarding Justice Warren. The nature of the withholdings under Exemption (b)(7)(C) and the privacy interests at stake are explained in detail in the April 29 and June 14, 1996 declarations of Special Agent John D. Kelso, Jr. First Kelso Dec. ¶¶ 51–69; Second Kelso Dec. ¶¶ 51 to 67.

■ Exemption (b)(7)(C) is designed to protect not only against the danger of physical harm but also against those invasions of personal privacy likely to be associated with the stigma frequently attached to law enforcement proceedings and investigations. Given the strong privacy interest inherent in law enforcement records, and the absence of a "significant and compelling" public interest in disclosing the names of individuals associated with, or the focus of, FBI investigations referenced in the withheld material, the Court finds that the defendant properly asserted Exemption (b)(7)(C). *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1206 (D.C.Cir.1991) ("We now hold categorically that, unless access to the names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure.") Satisfied with the declarations of Special Agent Kelso and the *Vaughn* indices as they relate to information withheld pursuant to Exemption (b)(7)(C), the Court shall grant the defendant summary judgment with respect to its assertion of that exemption to the FOIA.

### 2. Exemption (b)(7)(D).

■ Exemption (b)(7)(D) is designed to provide protection for investigatory material which "could reasonably be expected to disclose the identity of a confidential source, ... or ... information furnished by a confidential source." 5 U.S.C.A. § 552(b)(7)(D). Exemption (b)(7)(D) has long been recognized as affording the most comprehensive protection of all of the FOIA's law enforcement exemptions. *See Irons v. FBI*, 880 F.2d 1446, 1452 (1st Cir.1989) (en banc). Not all information received from sources in the course of criminal investigations, however, is entitled to a presumption of confidentiality. *United States Department of Justice v. Landano*, 508 U.S. 165, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993). In *Landano*, the U.S. Supreme Court ruled that source confidentiality must be determined on a case-by-case basis, recognizing that it may be true that most individual sources will expect confidentiality. *See id.* at 176, 113 S.Ct. at 2021–22. Thus, under *Landano*, the government must show either that a source received express assurances of confidentiality or that circumstances existed from which an inference of confidentiality can be assumed.

Applying the analysis of *Landano* to the information withheld in this case pursuant to Exemption (b)(7)(D), the Court finds that the defendant adequately showed that each individual whose name or identifying data was withheld received an express or implied assurance of confidentiality.[5] First Kelso Dec.

---

5. In fact, the name and identifying data of only one individual—a person with whom Justice Wil-

¶¶ 73–82; Sec. Kelso Dec. ¶¶ 71–88. Accordingly, the Court shall grant the defendant's Motion for Summary Judgment with regard to their withholding of information relating to the identity of sources given a promise of confidentiality.

### 3. Exemption (b)(7)(E).

█ Exemption (b)(7)(E) provides for the withholding of investigatory records compiled for law enforcement purposes, the disclosure of which would reveal "techniques and procedures for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C.A. § 552(b)(7)(E). The defendant has invoked this exemption to withhold copies of the "Criminal Intelligence Digest," a publication prepared to render assistance and guidance to FBI personnel, and information relating to an analysis of safety procedures afforded to the Supreme Court and its Justices. Sec. Kelso Dec. ¶¶ 89–90.

The defendant also invoked Exemption (b)(2) as a basis for withholding this material, which the Court, *supra* I.B., found an appropriate action. Nonetheless, for the same reasons the materials may be withheld under Exemption (b)(2), the Court finds that the materials also should be afforded protection from disclosure pursuant to Exemption (b)(7)(E).

### CONCLUSION

Upon consideration of the defendant's Motion for Summary Judgment, which incorporates by reference its earlier Motion for Partial Summary Judgment, the plaintiff's Opposition thereto, the defendant's Reply thereto, the declarations of Special Agents Davidson and Kelso and accompanying *Vaughn* indices, and for all of the foregoing reasons, the Court finds that the defendant is entitled to judgment in its favor as a

matter of law.[6] As such, the Court shall issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

### ORDER

For the reasons articulated in the Court's Memorandum Opinion of even date herewith, it is, by the Court, this 23rd day of September, 1996,

ORDERED that the defendant's Motion for Summary Judgment shall be, and hereby is, GRANTED; and, it is

FURTHER ORDERED that any and all other outstanding motions shall be, and hereby are, rendered and declared Moot; and, it is

FURTHER ORDERED that the above-captioned case shall be, and hereby is, DISMISSED from the dockets of this Court.

---

liam O. Douglas associated—was withheld based on an *implied* promise of confidentiality. Sec. Kelso Dec. ¶¶ 79–83. The defendant has provided sufficient detail of the circumstances around the individual's interaction with the FBI to establish that the individual at issue had an expectation of confidentiality as to his or her relationship with the FBI, even though the promise of confidentiality was not explicitly expressed.

6. Because the Court finds that the defendant is entitled to judgment as a matter of law based on the *Vaughn* indices provided, the Court rejects the plaintiff's argument in his Opposition that discovery and *in camera* review of the documents is necessary to a proper resolution of this matter. Accordingly, the Court declares moot in its Order of even date herewith the plaintiff's motions for such relief.